## Case No. 13,061.

### SMITH et al. v. HOFFMAN et al.

[2 Cranch, C. C. 651.] [1]

Circuit Court, District of Columbia. April Term, 1826.

PARTNERSHIP—CONTRACT IN NAME OF ONE—PAROL EVIDENCE—APPEAL—BILL OF EXCEPTIONS.

1. Parol evidence is not competent to vary a written agreement.

2. A written contract by one of two joint partners, made in his own name, does not bind the other partner, although the money obtained thereby is brought into the joint concern.

3. The court will not sign a bill of exceptions to the terms in which a certain paper, which had been offered in evidence, is described in the instruction of the court to the jury (the paper itself being referred to;) but will sign a bill of exceptions to the refusal of the court to sign the former bill of exceptions.

4. A written contract, the terms of which are clear and unambiguous, is conclusive; and parol evidence is not admissible to contradict it.

This was an action of assumpsit [by Walter and Clement Smith], against Jacob Hoffman and George Johnson, for money paid, laid out, and expended by the plaintiffs, for the use of the defendants, and at their request. Johnson only was taken, and the writ abated, as to the other defendant, by the marshal's return that he was not an inhabitant of the district.

Upon the trial of the general issue, the plaintiffs offered evidence, that on the 10th of December, 1823, the defendants entered into a special partnership in the business of making bacon and packing pork, which partnership was dissolved by mutual consent on the 21st of January, 1824. That the defendant Hoffman borrowed of the plaintiffs their two notes for $5,000 each, at 60 days, one dated January 9, 1824, the other, January 17, 1824, and as security against the first of those notes, the plaintiffs received from Mr. Hoffman, the said George Johnson's note, indorsed by Mr. Hoffman for the like amount at 60 days, dated on the 8th of January, 1824, so as to fall due one day before the plaintiff's note of the 9th of January, 1824; and when they lent Mr. Hoffman their note of the 17th of January, 1824, he gave them his receipt therefor in the following words: "George-town, 17th January, 1824. Received from Walter and Clement Smith, their note dated this day for $5,000 payable in the Bank of Alexandria, being issued for my use I promise to provide for and pay the same at maturity. Jacob Hoffman." The plaintiffs also offered parol evidence, by the deposition of the said Jacob Hoffman, that he borrowed of the plaintiffs their note, dated January 9, 1824, for $5,000, for the use of Hoffman & Johnson; that he informed them of their partnership in purchasing pork; that the note was discounted in the Bank of Potomac, and the proceeds exclusively applied to the

[1] [Reported by Hon. William Cranch, Chief Judge.]

payment for pork in the concern of Hoffman & Johnson; that the said Hoffman obtained from the plaintiffs their other note for $5,000, dated January 17, 1824, for the use of the bacon concern of Hoffman & Johnson. That in applying for that loan, he stated to one of the plaintiffs, that the character of the said Johnson was most respectable, and that he was competent to transact the business in case of the ill health of the said Hoffman. That about the same time he made an assignment of steamboat stock and slaves, to one Richard Smith, to secure the plaintiffs for the loan of those notes. That the last-mentioned note was discounted at the Bank of Alexandria, and the proceeds (except $508,) applied to the bacon concern of Hoffman & Johnson. That the only sum paid upon those notes, to his knowledge, was $500, paid by himself in April, 1824. That the effects of the concern were placed in the hands of Mr. Johnson in May, 1824, to be disposed of conformably to the articles of copartnership. That when he borrowed the notes, the understanding was, that they were to be renewed until he could pay them out of the effects of the bacon concern of Hoffman & Johnson. The plaintiffs also offered parol evidence that the said Hoffman kept an account in the Bank of Alexandria, in his own name, which, by the officers of that bank, was usually denominated as the "pork account," and was intended and declared by both the defendant and the said Hoffman to contain the bank account in relation to the pork business of the concern of the said Hoffman & Johnson. That the offer of the said note for discount in the said bank, (of which the said Johnson was one of the directors,) by the said Hoffman, and the discount of the same were entered in the books of the bank as for the use of the said Hoffman, and the proceeds thereof credited to the said Hoffman in the said account, and drawn out by checks of the said Hoffman alone, and applied as aforesaid. That the said note of the 17th of January, 1824, was renewed from time to time, until it was finally taken up by the plaintiffs on the 19th of October, 1824, the discounts upon the renewals having been paid by Mr. Hoffman, except the two last in May and July, 1824, which were paid by Mr. Johnson. The plaintiffs also offered in evidence a letter from Mr. Hoffman to Clement Smith, president of the Farmers and Mechanics Bank in Georgetown, and one of the plaintiffs, bearing the same date as the note, (17th January, 1824,) in which he says, "This will be handed to you by Mr. George Johnson, my partner in the pork establishment, and friend. He will hand you a check for $2,500 to meet a check for that amount drawn on you yesterday," &c. Also a letter from Mr. Johnson to the same, dated March 2d, 1824, in which he says. "I inclose a note of Mr. Hoffman for $2,500, which he says was promised to be discounted at your bank to-morrow, to renew the same amount paid there the last week. Mr. Hoff-

man is absent from town, and the money absolutely relied on to meet engagements to same amount. I hope therefore your board will be so good as to give us the money. Please write me, by to-morrow's mail, when I may check for the amount." And the plaintiffs further offered parol evidence that on one or two occasions when the account of Mr. Hoffman in the Bank of Alexandria was overdrawn, the defendant, being notified thereof, said, "he would see Mr. Hoffman and have it attended to." That the note of the 9th of January, 1824, which was discounted for Mr. Hoffman at the Bank of Potomac, was curtailed and renewed from time to time until October, 1824, when it was taken up by the plaintiffs, the discounts having been paid by Mr. Hoffman, except the two last, which were paid by Mr. Johnson. The plaintiffs also gave in evidence sundry advertisements in the name of Hoffman & Johnson.

The defendant then offered in evidence the before-mentioned receipt and promise of Mr. Hoffman of the 17th of January, 1824; and two deeds of trust, of certain slaves, and steamboat stock from Mr. Hoffman to Richard Smith, of the 17th of January, 1824, (executed on the 22d of January, 1824,) and the 10th of November, 1824, to secure the plaintiffs against their notes loaned as aforesaid, both of which deeds state the note to have been loaned to the said Jacob Hoffman, and that he was desirous to secure the plaintiffs from any loss which might accrue to them "from the non-payment of the said notes by the said Jacob Hoffman;" and authorize the trustee to sell the said slaves, &c., "if the said Jacob Hoffman, his heirs, executors, or administrators, shall fail to pay, when required, the notes aforesaid of the said Walter and Clement Smith." The defendant also offered in evidence the advertisements aforesaid, and testimony to prove that the said Hoffman & Johnson carried on their said pork concern in that name, and kept their books of sales and accounts in that name; and the said Hoffman at the same time carried on various branches of trade and business, in which the said Johnson was not concerned. That the said Hoffman, during the continuance of the said concern of Hoffman & Johnson, was in the habit of drawing checks for credits standing in his name in the said account in the Bank of Alexandria, as well as in other banks indiscriminately for the general purposes of all his concerns and for his private expenses. That the defendant also, at the same time, was engaged in other trade and business on his own account, in which the said Hoffman had no concern or interest, and never drew out or attempted to draw out of any of the said banks any money standing to the credit of the said Hoffman.

The plaintiffs, upon the evidence aforesaid, claimed to recover of the defendants the amount of the plaintiffs' note of the 17th of January, 1824, thus taken up by them, deducting half of the proceeds of the sales of the negroes, the other half having been applied to the credit of the other note of the 9th of January, 1824.

Whereupon THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury that the written documents, so given in evidence in this case, immediately relating to the note of the 17th of January, 1824, lent by the plaintiffs to Jacob Hoffman, and discounted at the Bank of Alexandria, taken in connection with the written documents relating to the nature, name, and extent of said partnership, do by their own terms import that the said note of the 17th of January, 1824, was lent by the plaintiffs to Jacob Hoffman, upon his sole credit and responsibility, and not upon the credit and responsibility of Hoffman & Johnson; and that the promise of the said Hoffman, in the said receipt, to provide for and pay the said note at maturity, was the sole and separate promise of the said Hoffman, and not the joint promise of Hoffman & Johnson. That the parol evidence produced by the plaintiffs in this case as aforesaid, is not competent and sufficient to change the import or terms of the said written documents, so as to charge the defendant, in this action, for the failure of Hoffman to provide for and pay the said note at maturity, according to the promise contained in his said receipt. To which instruction the plaintiffs excepted, and took their bill of exceptions. And the plaintiffs by their counsel objected to that part of the foregoing instruction which describes the said paper, purporting to be the receipt of the said Jacob Hoffman, as having been "given by said Hoffman to the plaintiffs for the said loaned note, and as promising to provide for and take up the said note at maturity," because no other evidence was offered in relation to the said facts than is hereinbefore stated in the statement of all the evidence in the cause as offered both by the plaintiffs and by the defendant, the said statement comprehending all the evidence offered on both sides in relation to said receipt.

But THE COURT, notwithstanding this objection, retained the said words in their instruction, and described the said receipt as having been given to the said plaintiffs by the said Hoffman for the said loaned note of 17th January, 1824; to which description of the said note the plaintiffs, by their counsel, excepted, and prayed the court to sign and seal their bill of exceptions. But THE COURT refused to sign the same; to which refusal the plaintiffs excepted, and THE COURT signed and sealed the bill of exceptions to such refusal, on the 3d of May, 1826.

The plaintiffs, then, upon the statement of facts upon which their first prayer in the trial of this cause was predicated, prayed the court to instruct the jury, that the receipt signed "Jacob Hoffman," offered in evidence by the defendant, and its being in the plain-

tiffs' possession, are not conclusive to show that the plaintiffs took the said receipt as their security for the loan of their note of $5,000, of the 17th of January, 1824; and that if the jury believe from all the circumstances given in evidence, that the same was not so taken as their security for such loaned note of the plaintiffs, then the plaintiffs are not precluded from recovering by such receipt. Which instruction THE COURT refused to give as prayed; but instructed the jury, that the said receipt, being admitted by the plaintiffs to be in the handwriting of the said Jacob Hoffman, and having been produced at the trial of this cause by the plaintiffs in consequence of a notice from the defendant calling upon them to produce the same, is primâ facie evidence, and, in the absence of contradictory evidence, is conclusive that the said receipt was given by the said Hoffman to the said plaintiffs, at the time it bears date, and that it relates to the aforesaid note of the 17th of January, 1824, for $5,000, discounted as aforesaid, at the Bank of Alexandria; and that if the jury should be satisfied by the said evidence that the said receipt was so given and does so relate, then the said receipt, taken in connection with the other written documents given in evidence in this cause, is conclusive evidence that the said note of the 17th of January, 1824, was lent by the plaintiffs to the said Jacob Hoffman, upon his sole credit and responsibility, and not upon the credit and responsibility of the said joint concern of Hoffman & Johnson. To which refusal to give the instruction prayed by the plaintiffs' counsel, the plaintiffs excepted, and took their bill of exceptions.

After the delivering of the foregoing opinions and instructions of the court to the jury, the plaintiffs' counsel having still insisted and argued before the jury upon the supposed inconsistency between the deposition of Jacob Hoffman and his said written receipt and promise of the 17th of January, 1824, as contradictory evidence, from which, with the other evidence, the jury may infer that the said receipt was never given by the said Hoffman; the defendants still objected and prayed the opinion and instruction of the court, that the said deposition contains no evidence from which the jury could infer, (against the evidence of the production of the said receipt by the plaintiffs, and their admission of the handwriting,) that the said receipt was never given as it purports; which instruction THE COURT gave as prayed, and the plaintiffs took their fourth bill of exceptions.

Mr. Jones, for defendants, cited Emly v. Lye, 15 East, 7.

Mr. Swann and Mr. Key, contrâ, cited Willet v. Chambers, Cowp. 814.

The jury found a verdict for the defendants.

The plaintiffs carried the cause to the supreme court by writ of error, where the par-

ties settled the matter by compromise, and the writ of error was dismissed by consent at January term, 1828.

[See Case No. 13,067.]

<hr>

SMITH (HOLMEAD v.). See Case No. 6,630.
SMITH (HORTON v.). See Case No. 6,709.

<hr>